UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ATINKUMAR PATEL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. CITZENSHIP & ) <br> IMMIGRATION SERVICES *et. al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No. 22-cv-1930 (TSC) |

**MEMORANDUM OPINION**

Plaintiff Atinkumar Patel petitions this court for a writ of mandamus to compel Defendants United States Citizenship & Immigration Services ("USCIS"), Ur Jaddou (Director of USCIS), Alejandro Mayorkas (Secretary of the United States Department of Homeland Security), and Alissa Emmel (Chief of the USCIS Immigrant Investor Program Office) to immediately process his Form I-526, for an EB-5 visa. Defendants have moved to dismiss, and the court will GRANT their motion.

### I. BACKGROUND

**A. EB-5 Visa Program**

In 1990, Congress amended the Immigration and Nationality Act to establish a program that sets aside visas for "employment creation" immigrants who invest in new commercial enterprises that create full-time jobs for American workers. *See* Immigration Act of 1990, Pub. L. No. 101-649, § 121(a), 104 Stat. 4978, 4987 (1990) (codified at 8 U.S.C. § 1153(b)(5)). These are referred to as "EB-5 visas." 8 C.F.R. § 204.6. Two years later, Congress established the "Pilot Immigration Program," now known as the Regional Center Program. *See* Departments

of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act, 1993 (1993 Appropriations Act), Pub. L. No. 102-395, § 610, 106 Stat. 1828, 1874 (1992) (codified at 8 U.S.C. § 1153 note).  A regional center is an "economic unit, public or private, which is involved with the promotion of economic growth, including increased export sales, improved regional productivity, job creation, and increased domestic capital investment."  8 C.F.R. § 204.6(e); *see* 58 Fed. Reg. 44,606, 44,608 (Aug. 24, 1993).

Under the regulations in effect at the time of Plaintiff's I-526 petition, an applicant could become eligible for an EB-5 visa if the applicant invested $500,000 or more in a "targeted employment area," 8 C.F.R. § 204.6(f), which may include projects in designated regional centers within the Regional Center Program.  8 C.F.R. § 204.6(e), (j)(4).  Such an investment must directly create at least ten full-time jobs in the United States for qualifying employees.  *See* 8 U.S.C. § 1153(b)(5)(A); 8 C.F.R. § 204.6(g)–(h).

To obtain an EB-5 visa, a foreign investor must first file a Form I-526 petition with USCIS.  8 C.F.R. § 204.6(a).  Once the I-526 petition is processed and a visa becomes available the applicant advances to 'conditional' lawful permanent resident status.  *See* 8 U.S.C. § 1186b(a).  In adjudicating I-526 petitions, USCIS adheres to a "visa availability" approach, which means it prioritizes adjudicating applications, on a modified "first-in, first-out" basis, by petitioners from countries that have yet to meet their visa availability cap determined by Congress.  *See* 8 U.S.C. §§ 1152, 1153(e); 22 C.F.R. § 42.54.

B.      **Plaintiff's Petition**

Plaintiff is an Indian citizen seeking to participate in the EB-5 Immigrant Investor Program.  Compl. ¶ 7, ECF No. 1  On November 15, 2019, Plaintiff invested $500,000 in exchange for a 1-unit membership interest of ARCFE Group 9, LLC, a startup commercial

enterprise that pooled funds to develop and construct an eight-story residential building and a twenty-story mixed use rental building in Long Island City, New York. *Id.* ¶¶ 22, 23. ARCFE Group 9, LLC is affiliated with American Regional Center for Entrepreneurs, Inc., a designated regional center approved by USCIS. *Id.* ¶ 21.

On the same day of his investment, Plaintiff submitted a I-526 petition (Receipt No. WAC2090031415) along with supporting documentation, and a $3,675.00 filing fee, to USCIS. *Id.* ¶ 24. USCIS received the submission on November 19, 2019 and has not yet taken any action on it. *Id.* ¶¶ 24–25.

Nearly thirty-two months later, on July 4, 2022, Plaintiff filed suit. He claims that the delay in adjudicating his application harms his interest in obtaining permanent resident status, as well as his financial investment, because the longer adjudication takes the greater the risk that the project does not have available funds to repay his investment if his petition is denied. *Id.* ¶¶ 27–29.

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief may be granted." In evaluating a Rule 12(b)(6) motion, courts "treat the complaint's factual allegations as true" and grant "plaintiff the benefit of all inferences that can be derived from the facts alleged." *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quotation marks and citation omitted). However, a court need not accept as true "a legal conclusion couched as a factual allegation," nor "inferences . . . unsupported by the facts set out in the complaint." *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 193 (D.C. Cir. 2006) (quotation omitted). Further, the court may consider "any documents either attached to or incorporated in the complaint[,] and matters of which [courts] may take

judicial notice." *Equal Emp. Opportunity Comm'n v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). "The latter category includes information posted on official public websites of government agencies." *Da Costa v. Immigr. Inv. Program Off.* ("*Da Costa I*"), 643 F. Supp. 3d 1, 8 (D.D.C. 2022), *aff'd*, No. 22-5313, 2023 WL 5313526 (D.C. Cir. Aug. 18, 2023).

### III.   ANALYSIS

Plaintiff alleges that USCIS has unreasonably delayed adjudication of his I-526 petition, and the court should "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). To evaluate the reasonableness of a delay in agency action, courts in this district apply six factors:

> (1) the time agencies take to make decisions must be governed by a rule of reason;
>
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
>
> (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
>
> (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
>
> (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and
>
> (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*Telecommunications Research & Action Center v. Fed Comm'ns Comm.* ("*TRAC*"), 750 F.2d 70 (D.C. Cir. 1984); *see also Da Costa I*, 643 F. Supp. 3d at 8 (applying *TRAC* factors and dismissing the complaint). Ultimately, the "central question in evaluating 'a claim of unreasonable delay' is 'whether the agency's delay is so egregious as to warrant mandamus'"—

an extraordinary remedy. *In re Core Commc'ns, Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008) (quoting *TRAC*, 750 F.2d at 79).

1. <u>Reasonableness (Factors One and Two)</u>

The first two TRAC factors require the court to evaluate "whether the agency's response time complies with an existing specified schedule and whether it is governed by an identifiable rationale." *Ctr. for Sci. in the Pub. Int. v. United States Food & Drug Admin.*, 74 F. Supp. 3d 295, 300 (D.D.C. 2014).

Defendants argue that USCIS regulations adhere to a rule of reason because USCIS "manages I-526 petitions by prioritizing petitions for individuals from countries where visas are currently available or soon to be available" and manages those workflows in "first-in, first out order." Def Mot., ECF No. 7 at 9–10; *see also* USCIS, Questions and Answers: EB-5 Immigrant Investor Program Visa Availability Approach (last updated Aug. 28, 2023) https://perma.cc/9HCH-M9AQ ("Workflows are generally managed in FIFO order when a visa is available or will be available soon."). Defendants also argue that there is no congressionally imposed timeline for adjudication of EB-5 visa applications. Def Mot., ECF No. 7 at 12–13. Plaintiff does not dispute the methodology that USCIS uses but argues that thirty-one months and counting is *per se* an unreasonable delay, Pl. Opp'n, ECF No. 8 at 5–6, and Congress has expressed that adjudication of I-526 petitions should take no more than 180 days. *Id*. at 6 (citing 8 U.S.C. § 1571(b)).

In *Da Costa v. Immigr. Inv. Program Off.* ("*Da Costa II*") the D.C. Circuit affirmed the district court's dismissal of a non-citizen's unreasonable delay claim regarding their I-526 petition to USCIS. No. 22-5313, 2023 WL 5313526 (D.C. Cir. Aug. 18, 2023). The Circuit concluded that USCIS "employs a rule of reason to adjudicate Form I-526 petitions," *id*. at *6,

and 8 U.S.C. § 1571(b) "is insufficient to set a deadline" for adjudication and is more of an "aspirational statement," *id*. at *9. The Court held that even though the plaintiff had waited more than four years for adjudication, "the delay ha[d] not reached the level of disproportionality . . . sufficient to grant relief." *Id*.

The D.C. Circuit's decision in *Da Costa II* is binding on this court, and therefore, based on the record before it, the court finds that USCIS's adjudication process is governed by a rule of reason.

### 2. *Prejudice of Delay (Factors Three and Five)*

"The third TRAC factor looks to whether 'human health and welfare are at stake'— in which case judicial intervention is more justified — and the fifth assesses the 'nature and extent of the interests prejudiced by delay.'" *Da Costa I*, 643 F. Supp. 3d at 15 (quoting *TRAC*, 750 F.2d at 80). Plaintiff alleges that the delay puts "his money . . . at risk," Compl. ¶ 28, and argues that his harm consists of not having the "benefits and stability associated with EB-5 status," Pl. Opp'n at 7, being in "immigration limbo," and an inability to "plan his next steps," *id*. at 9. But these harms are the "sort of prejudice . . . inherent in the [adjudication] process," *Fangfang Xu v. Cissna*, 434 F. Supp. 3d 43, 54 (S.D.N.Y. 2020), and do not show that health or welfare is at stake. Consequently, the court finds that Plaintiff has not alleged sufficient harm from delay to tip *TRAC* factors three and five in his favor.

### 3. *Competing USCIS Priorities (Factor Four)*

The fourth factor examines "the effect of expediting delayed action on agency activities of a higher or competing priority." *TRAC*, 750 F.2d at 80.

Plaintiff argues that prioritizing its application will "have no effect on USCIS activity of a higher or competing priority." Pl. Opp'n at 8. But the *Da Costa II* Court considered that

argument and concluded that it "rests on wishful thinking about how the USCIS adjudication system works." 2023 WL 5313526, at *8. The Court further explained that this factor tips greatly in favor of USCIS because "[i]n the absence of plausible allegations that USCIS is not applying its rule of reason, moving Plaintiffs' petitions to the front of the line would disrupt competing agency priorities with no overall improvement in the USCIS backlog." *Id*. Because Plaintiff has not alleged that USCIS is failing to apply its rule of reason, this factor too weighs in Defendants' favor.

### 4. *Impropriety by USCIS (Factor Six)*

Finally, the court considers whether there is "any impropriety lurking behind agency lassitude." *TRAC*, 750 F.2d at 80. This factor is either neutral or favors Defendants.

The Complaint does not allege any impropriety by USCIS. Instead, Plaintiff asserts that the adjudication delays are "intentional" to "create a potential defense against lawsuits and also end members of the public and Congressional inquiries as to why Forms I-526 take so long." Pl. Opp'n at 9–10.

Because Plaintiff has not alleged any impropriety by USCIS, the court need not speculate as to whether his assertions in opposition have any merit.

### IV. CONCLUSION

For the reasons explained, the court will GRANT Defendants' motion to dismiss, ECF No. 7.

Date: September 29, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge